UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------X
FREDERIC BLOCK,                                       :
                                                      :
                          Plaintiff,                  :     Civil Action No.: 21-cv-61032 (RKA)
                                                      :
        v.                                            :
                                                      :
DAVID MATESIC, CANDYCE ABBATT and                     :
JOSHUA GERSTIN, in their individual capacities,       :
                                                      :
                          Defendants.                 :
-------------------------------------------------------------X

# PLAINTIFF FREDERIC BLOCK'S MOTION TO COMPEL THE TESTIMONY OF DEFENDANT JOSHUA GERSTIN AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

| | |
|---|---|
| **WIGDOR LLP** | **THE LAW OFFICES OF JOSEPH FAZIO, P.A.** |
| Douglas H. Wigdor<br>Valdi Licul<br>John S. Crain<br>(all admitted *pro hac vice*) | Joseph R. Fazio |
| 85 Fifth Avenue<br>New York, NY 10003<br>Telephone: (212) 257-6800<br>Facsimile: (212) 257-6845 | 633 South Andrews Avenue<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 463-0585<br>Facsimile: (954) 767-9461 |

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................... 1

DISCUSSION ........................................................................................................................................ 3

I.   THE CURRENT BOARD WAIVED THE ATTORNEY-CLIENT PRIVILEGE ............. 3

II.  GERSTIN HAS WAIVED THE PRIVILEGE BY PUTTING HIS LEGAL
     ACTIVITIES AT ISSUE AND BY SHARING PRIVILEGED
     COMMUNICATIONS WITH THIRD PARTIES ................................................................. 4

CONCLUSION ..................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Boldstar Tech., LLC v. Home Depot, Inc.,
    No. 07-80435 Civ., 2008 WL 11320005 (S.D. Fla. Apr. 30, 2008) ........................................... 4

Commodity Futures Trading Comm'n v. Weintraub,
    471 U.S. 343 (1985) ................................................................................................................ 3

In re Grand Jury,
    Proc., 73 F.R.D. 647 (M.D. Fla. 1977) ................................................................................... 3

MapleWood Partners, L.P. v. Indian Harbor Ins. Co.,
    295 F.R.D. 550 (S.D. Fla. 2013) ............................................................................................. 3

Pitney-Bowes, Inc. v. Mestre,
    86 F.R.D. 444 (S.D. Fla. 1980) ............................................................................................... 5

Rogan v. Oliver,
    110 So. 3d 980 (Fla. Dist. Ct. App. 2013) .............................................................................. 4

Tail of the Pup, Inc. v. Webb,
    528 So. 2d 506 (Fla. Dist. Ct. App. 1988) .............................................................................. 3

**Other Authorities**

Fl. Stat. Ann. § 90.507 .................................................................................................................. 4

Plaintiff Frederic Block submits this memorandum of law in support of his motion to compel the testimony of Defendant Joshua Gerstin ("Defendant" or "Gerstin"). For the reasons set forth below, Plaintiff's motion should be granted in its entirety. Plaintiff respectfully requests oral argument.

## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

In December 2020, the Defendant-former board members of the Tower One Condominium Association ("Tower One"), David Matesic and Candyce Abbatt, joined with Tower One's lawyer, Defendant Joshua Gerstin, to defame Plaintiff Frederic Block, in a letter they drafted together and sent to the entire membership of Tower One. In particular, they sent a letter purporting to respond to certain public statements Plaintiff had made criticizing the Tower One Board's management of a construction project, but which contained implications and aspersions that Block, a prominent United States Federal Judge for the Eastern District of New York, had hacked or improperly accessed the proprietary information of Tower One and its members. They sent this letter without the authority of the Tower One board. Gerstin also coordinated the drafting and sending of the letter with multiple parties with which he had no attorney-client relationship, including one Larry Lubin, a disbarred former attorney whose opinion was sometimes sought on issues of Tower One's management, see Ex. A, but who was not himself a board member of Tower One, see Ex. B. Block later brought the instant lawsuit against Matesic, Abbatt and Gerstin for their actions.

1

Throughout this litigation, Gerstin has raised as a defense that he acted properly as an attorney and with the full authority of the Tower One Board. Nevertheless, he has refused to disclose his communications with the Board, claiming attorney-client privilege. Hoping to forego protracted litigation on the issue of this privilege, on April 15, 2022, Plaintiff obtained from the current Board a clearly stated, unequivocal waiver of Tower One's privilege as to Joshua Gerstin. The waiver stipulated that "the association agrees to waive any claim of attorney/client privilege *during the deposition[] of Joshua Gerstin* . . . regarding any or all of the allegations [Block] raised in the . . . lawsuit." Ex. C (emphasis added). Plaintiff shared the Resolution with counsel for Gerstin on April 29, 2022, four days before Gerstin's deposition.[1] Nevertheless, at his deposition on May 3, 2022, when asked about certain communications he had had with Matesic, Abbatt and the Tower One Board, regarding allegations in the lawsuit, Gerstin claimed attorney-client privilege and refused to answer.

Plaintiff conferred with counsel for all parties on this issue on May 25, 2022, mindful that June 2, 2022 would be Plaintiff's last day to bring this Motion pursuant to Section II.D. of the General Order on Discovery Objections and Procedures, Dkt. 73. Counsel for Defendants Matesic and Abbatt agreed to follow the position of Gerstin's counsel. Counsel for Gerstin reiterated the objection, that this clearly stated written waiver was ineffective to waive the privilege. Counsel

---

[1] Elsewhere, the Resolutions define the lawsuit as the instant litigation, 2021 Civ. 61032. Id.

2

for Gerstin also offered that some of the communications at issue would be covered by Gerstin's privilege with another entity involved in certain discussions, the Tower One Master Board. Counsel for Plaintiff, however, understands that Gerstin was not counsel for the Master Board during the time-periods relevant to this litigation.

## DISCUSSION

### I.     THE CURRENT BOARD WAIVED THE ATTORNEY-CLIENT PRIVILEGE

"The burden of demonstrating that a privilege applies to a particular communication, i.e., that the confidentiality of the communication is more important than the public interest in transparency, is on the proponent of the privilege." MapleWood Partners, L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550, 583 (S.D. Fla. 2013). Gerstin cannot meet that burden given the Board's unmistakable waiver. Importantly, "[t]he privilege . . . belongs to the client, not the attorney." In re Grand Jury Proc., 73 F.R.D. 647, 652 (M.D. Fla. 1977). Thus, Gerstin has no authority to "invoke . . . the privilege if his client [the Board] desires the contrary." Id.

That the current Board is not composed of the same members does not matter. "[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 349 (1985); accord Tail of the Pup, Inc. v. Webb, 528 So. 2d 506, 507 (Fla. Dist. Ct. App. 1988) (following Commodity Futures Trading). Accordingly, "[i]t is the Association, through its current board of directors, which is the entity with the authority

3

to waive or assert attorney/client privilege as to communications between the Association's prior board and its counsel." Rogan v. Oliver, 110 So. 3d 980, 984 (Fla. Dist. Ct. App. 2013).

The current Board of Tower One intended that, while Gerstin was being questioned under oath regarding Plaintiff's allegations, and for the duration of that questioning, he could not claim privilege as to his dealings with Tower One. The Board, in doing so, wished to shed light onto the conduct of their former counsel. It is not up to Gerstin or any of the parties in the instant litigation to countermand or question this clearly stated intent. Simply put, the Tower One Board was entitled to waive the privilege in the interest of the Tower One community and has done so.

That the current Board did not affect a waiver for all purposes also does not matter. A waiver is effective where the privilege holder "consents to disclosure of *any significant part of the matter* or communication." Fla. Stat. Ann. § 90.507 (emphasis added). Here, the Board has consented to disclosure of a "significant part of the matter," to wit, any information known to Gerstin, "regarding any or all of the allegations [Block] raised in the . . . lawsuit." Ex. A. This is not only a "significant part" of the matter; it is the entire matter, insofar as the matter concerns Gerstin.

II. **GERSTIN HAS WAIVED THE PRIVILEGE BY PUTTING HIS LEGAL ACTIVITIES AT ISSUE AND BY SHARING PRIVILEGED COMMUNICATIONS WITH THIRD PARTIES**

A party also waives the attorney-client privilege by copying on an email a third-party not privy to the attorney-client relationship. See Boldstar Tech., LLC v. Home Depot, Inc., No. 07-

4

80435 Civ., 2008 WL 11320005, at *9 (S.D. Fla. Apr. 30, 2008) (party ordered to show cause why document production should not be compelled, where an email was sent to an unidentified third party as well as the attorney and client).  Exhibit B shows that Gerstin repeatedly copied non-parties on his privileged communications, including (1) copying Plaintiff Frederic Block (GPL000124) and (2) addressing Larry Lubin (GPL000029-000031, 000037-000102).

More broadly, Gerstin is improperly using the privilege as both a sword and shield by predicating a defense on his work as an attorney while withholding the information necessary for Plaintiff to address that defense.  See Pitney-Bowes, Inc. v. Mestre, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (in an action sounding in contract, a party waived the privilege where it "placed in issue . . . the intent of the parties with regard to construction of certain terms of the Agreements.").  By arguing, as he has in his motion to dismiss, that he acted purely within the scope of his representation, he has put at issue whether or not this is really true.

## **CONCLUSION**

Gerstin's claim of privilege is erroneous; his former client has waived the privilege. Plaintiff therefore asks that this Court issue an order compelling Gerstin to testify as to all the facts and circumstances regarding the December 2020 letter, without asserting the attorney-client privilege.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

As described above, counsel for all parties met and conferred in a good-faith attempt to resolve the disputes described above, but were unable to agree either on the effectiveness of the waiver or the scope of Gerstin's representation.  Counsel for Plaintiff therefore sought permission to file the instant motion, which he received from chambers on May 25, 2022.

Dated: May 25, 2022
      Fort Lauderdale, Florida

Respectfully submitted,

**THE LAW OFFICES OF**
**JOSEPH R. FAZIO, P.A.**

By:   */s/ Joseph R. Fazio, III*
      Joseph R. Fazio, III
      (Bar No. 0005983)

633 South Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 463-0585
Facsimile:  (954) 767-9461
jfazio@jfaziolaw.com

**WIGDOR LLP**

    Douglas H. Wigdor
    (admitted *pro hac vice*)
    Valdi Licul
    (admitted *pro hac vice*)
    John S. Crain
    (admitted *pro hac vice*)

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff Frederic Block*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was filed through CM/ECF this 25th day of May 2022, and thereby was served upon counsel of record.

*/s/ Joseph R. Fazio, III*
Joseph R. Fazio, III
