UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61032-CIV-ALTMAN/Hunt

FREDERIC BLOCK,

    Plaintiff,

v.

DAVID MATESIC, CANDYCE ABBATT and
JOSHUA GERSTIN, in their individual capacities,

    Defendants.
_____/

**DEFENDANT JOSHUA GERSTIN'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL HIS FURTHER DEPOSITION TESTIMONY**

**KAPLAN ZEENA LLP**

James M. Kaplan
Maria Kimijima

2 South Biscayne Boulevard, Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801

*Attorneys for Defendant Joshua Gerstin*

Defendant, JOSHUA GERSTIN ("Mr. Gerstin"), by and through his undersigned counsel, and pursuant to this Court's General Order on Discovery and Objections and Procedures [D.E. 73] and Paperless Order dated June 3, 2022 [D.E. 80], hereby files this Memorandum of Law in Opposition to Plaintiff's Motion to Compel his further deposition testimony and in support thereof, states as follows:

## INTRODUCTION

The instant matter arises out of an allegedly defamatory Letter circulated by the Board of Directors (the "Board") of the Palms 2100 Tower *One* Condominium Association, Inc. (the "Association") among the Tower One community. While the Letter was issued on the Association's letterhead and signed by the Association and its Board, Plaintiff, Frederic Block ("Plaintiff") – who at the time of filing this lawsuit was a member of the Association's Board – did not name the Association as a party to this action, but instead, sued two of the Association's then-Board members – Defendants, David Matesic and Candyce Abbatt, in their individual capacities – along with the Association's counsel, Mr. Gerstin, for their role in drafting the Letter.

On Friday, April 29, 2022, Plaintiff's counsel emailed the undersigned a document labeled "Board Resolution of the Board of Directors for the Palms 2100 Tower One Condominium Association, Inc." (hereinafter, the "Resolution"). A copy of the "Resolution" is attached as Exhibit C [D.E. 77-3] to Plaintiff's Motion to Compel the Testimony of Joshua Gerstin ("Motion to Compel") [D.E. 77]. On May 3, 2022, Plaintiff took Mr. Gerstin's deposition.

Plaintiff now seeks to re-open Mr. Gerstin's deposition and compel further testimony pursuant to the so-called "Resolution," which – on its face – purports to waive the Association's attorney-client privilege only "during the deposition[] of Joshua Gerstin," and likewise seeks to waive the attorney-client privilege between Mr. Gerstin and the Palms 2100 Tower *Two*

- 1 -

Condominium Association, Inc. ("Tower Two Association")[1]. For the reasons discussed herein, Plaintiff's Motion to Compel pursuant to this inchoate and ineffective "Resolution" should be denied at this time. Mr. Gerstin joins in Plaintiff's request for oral argument.

## I. The Holder of the Attorney-Client Privilege – the Association – is Entitled to Notice and an Opportunity to be Heard.

Mr. Gerstin does not dispute that the Association, by and through its current Board of Directors, holds the attorney-client privilege. However, the Association is not a party to this action and has not received notice or an opportunity to be heard on its purported waiver of its attorney-client privilege with its former counsel, Mr. Gerstin. "[T]he importance of attorney-client privilege as well as fundamental concepts of due process require that the party defending the privilege be given an opportunity to be heard, by evidence and argument, at the hearing seeking an exception to the privilege." *First Union Nat'l Bank of Fla. v. Whitener*, 715 So. 2d 979, 983 (Fla. 5th DCA 1998). As such, Plaintiff's Motion to Compel should be denied without prejudice until such time that the Association is given proper notice and a full opportunity to be heard.

## II. The "Resolution" is Ineffective.

The "Resolution" is ineffective on its face for at least four separate reasons. First, the "Resolution" purports to waive the Association's attorney-client privilege with Mr. Gerstin – but only for a limited time "during the deposition[] of Joshua Gerstin." [D.E. 77-3]. Likewise, Plaintiff's Motion to Compel (but not the "Resolution" itself) specifically states that the Association intended for the privilege to be waived only "for the duration of th[e] questioning" of Mr. Gerstin under oath. To begin, this raises the question of why Plaintiff needs to explain what

---

[1] During his tenure as counsel for the Palms community, Mr. Gerstin at various times served as counsel for the Association, the Tower *Two* Association, as well as the Palms 2100 *Master* Association, Inc. – each of which is a separate entity, governed by its own Board of Directors.

the Association "intended" and how he would be in a position to know that intent (since, as an interested party, he presumably did not participate in the Board's deliberations or vote on this issue). Moreover, the attorney-client privilege cannot be partially waived only for a limited time period. In other words, at the conclusion of Mr. Gerstin's deposition under oath, the attorney-client privilege will not magically be reinstated to protect the Association's confidential communications. A waiver of the attorney-client privilege is *permanent*. In other words, "once the attorney-client privilege is waived, it is forever waived." *Official Cargo Transp. Co., Inc. v. Certain Interested Underwriters at Lloyds of London*, 368 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

Second, the Resolution purports to partially waive the attorney-client privilege only with respect to the specific allegations "he" (presumably meaning Plaintiff) raised in this lawsuit. This is problematic for several reasons. Specifically, it would require a judgment call on whether any given question is based exclusively on Plaintiff's allegations in the operative Complaint. In addition, the limitation does not appear to apply to Mr. Gerstin's defenses. In view of the fact that Mr. Gerstin has not yet answered or otherwise presented his defenses (because the Defendants' Motion to Dismiss in this lawsuit is still pending), this is particularly problematic.

Third, as drafted, the "Resolution" would not seem to permit questioning of the Board members on these privileged communications (since the waiver would apply only during Mr. Gerstin's deposition). This is particularly inequitable and incapable of enforcement since, once waived, questions as to previously privileged communications may fairly be posed to both attorney and client alike.

Fourth, while presented as a "Resolution," the document does not actually take any particular action. To be sure, there are numerous recitals, but nothing is actually "resolved" – which means (whatever the intent and scope, if any, of the waiver), the Board did not actually "resolve"

to do anything. Further, there is nothing in the document authorizing any particular Board member to execute the document. In fact, the document is not even executed as a resolution – it is merely "certified" – without ever stating precisely what is being certified. Lastly on this point, the "Resolution" states that is "agreed and accepted," which is language of a contract – not a resolution.

As such, the Association should have proper notice and a full opportunity to be heard, as any waiver of the attorney-client privilege will waive that privilege forever. Based on the face of the "Resolution" (including the utter absence of when and how this issue was considered by the Board; whether there was a quorum present for the vote; whether the meeting to consider the issue was duly noticed; etc.) the document is ineffective and it is unclear what the Association intended.

Furthermore, the "Resolution" and purported waiver of the Association's attorney-client privilege appears to be premised on Plaintiff's "agreeing" to execute a general release in favor of the Association. Despite not requiring Plaintiff to do anything other than "agree," Plaintiff is neither a party to nor a signatory to the "Resolution" and therefore, not bound by same. *See generally, Cuhaci v. Kouri Group, LP*, No. 20-cv-23950-Bloom/Louis, 2021 WL 2290685, at *4 (S.D. Fla. Jun. 4, 2021) ("The general rule is that non-signatories are not bound to the terms of a contract."). Therefore, the document is inchoate and cannot properly be enforced.

### III. The Association Does Not Have Standing to Waive the Attorney-Client Privilege on Behalf of the Tower *Two* Association.

The "Resolution" also purports to waive the attorney-client privilege between the Tower *Two* Association and Mr. Gerstin. At all times material hereto, Larry Lubin was a resident of the Tower *Two* Association, which is a separate and distinct entity governed by its own separate Board of Directors. Furthermore, at all relevant times, Mr. Lubin was designated by the Tower *Two* Association to act as the authorized representative/liaison on behalf of Tower *Two* in handling

certain insurance claims/litigation stemming from hurricane damages sustained at the property. The two (2) communications identified by Mr. Gerstin on his Privilege Log[2] on which Mr. Lubin was copied – GPL000029-000031 and GPL000037-000102, specifically provide that the general subject matter pertained to counsel's advice on condominium matters, *including the then-pending insurance claims/litigation*. [D.E. 77-1]. Such communications are protected by both the attorney-client privilege and the work product doctrine. The Association does not have standing to waive the privileges for the Tower *Two* Association and Mr. Gerstin, who also served as co-counsel to the various associations at the Palms community in relation to the insurance litigation.

Plaintiff's Motion to Compel also contends that Mr. Gerstin copied "non-parties" on his privileged communications and points to a communication on which Plaintiff himself was copied – GPL000124. Plaintiff's contention is disingenuous. At the time of the communication, Plaintiff was a member of the Association's Board and the communication is specifically identified as one instructing and directing counsel's legal work. [D.E. 77-1]. As such, the privilege remains with the Association (of which Plaintiff is a Board member). While Plaintiff has brought this lawsuit in his individual capacity, his inclusion on communications with counsel as a member of the Association's Board do not serve as a waiver of the Association's attorney-client privilege.

## CONCLUSION

For the foregoing reasons, Defendant, Joshua Gerstin respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel, and grant any further relief this Court deems just and proper.

---

[2] On May 2, 2022, Mr. Gerstin served his Amended Privilege Log, which superseded the Privilege Log attached to Plaintiff's Motion to Compel at D.E. 77-1, and which reflected that certain documents from the Log had already been produced to Plaintiff in discovery.

Respectfully submitted this  6th day of June 2022.

**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard
Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801
*Attorneys for Defendant Joshua Gerstin*

By: /s/ *James M. Kaplan*
      JAMES M. KAPLAN
      Florida Bar No.:921040
      james.kaplan@kaplanzeena.com
      elizabeth.salom@kaplanzeena.com
      service@kaplanzeena.com
      MARIA KIMIJIMA
      Florida Bar No.: 115504
      maria.kimijima@kaplanzeena.com
      marlen.cabo@kaplanzeena.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through CM/ECF this  6th day of June 2022, and thereby was served upon counsel of record.

/s/ *James M. Kaplan*
James M. Kaplan
