UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------X
FREDERIC BLOCK,                                :
                                               :
                        Plaintiff,    :   Civil Action No.: 21-cv-61032 (RKA)
                                               :
      v.                                       :
                                               :
DAVID MATESIC, CANDYCE ABBATT and              :
JOSHUA GERSTIN, in their individual capacities,:
                                               :
                        Defendants.   :
-----------------------------------------------------------------X

## DECLARATION OF PLAINTIFF FREDERIC BLOCK

1.     I am the plaintiff in the above-captioned litigation and submit this declaration in support of my motion to (1) lift the Court's stay of March 28, 2023, which it rendered "for administrative purposes pending [the Court's] resolution of the Motion to Dismiss (Dkt. No. 110)"; (2) expeditiously decide Defendants David Matesic ("Matesic"), Candyce Abbatt ("Abbatt") and Joshua Gerstin's ("Gerstin") (together, "Defendants")' pending Motion to Dismiss; and (3) reestablish a trial date in the fall if the Motion to Dismiss is denied, in consideration of my age and health.

2.     On October 26, 2021, the Court rendered a comprehensive decision denying the defendants' initial Rule (12)(b)(6) motion to dismiss my defamation per se claim (Count 1), the defamation by inuendo claim (Count 2), and the conspiracy claim (Count 4). It dismissed the defamation *per quod* claim (Count 3). However, because the Complaint violated the 11th Circuit's rule requiring dismissal of a complaint that prefaces its substantive claims by repeating "each and every prior allegation," the Court dismissed the complaint without prejudice to filing an amended complaint without those proscribed allegations.

3. The Amended Complaint therefore eliminated the defamation *per quod* claim and the proscribed "shotgun" language. In every other aspect it was the same as the original Complaint.

4. Because the Complaint had to be amended, Defendants had the procedural opportunity to bring the subject second Rule 12(b)(6) motion. That motion has been *sub judice* since November 13, 2022. Nonetheless, in all important respects, the arguments raised in the second motion are identical to those already rejected by this Court.

5. The Court's decision reflects that it took meticulous care to hold that those claims were properly pled.

6. However, the renewed motion has now been pending for over seven months and the Court has administratively stayed the prosecution of my lawsuit.

7. I understand Your Honor's discomfort, as you expressed at the end of your decision, that "[d]espite the presence of a federal judge we cannot think that it's good for this case to proceed in the federal court any longer."

8. I have never before initiated any litigation, and, as the Court has admirably done, would likewise discourage any litigation brought by a judge. However, I believe that I presently have no viable recourse but to go to trial to attempt to right the horrific wrongs and searing damage to my reputation visited upon me by the defendants. It is the last thing that I wanted to do, and I appreciate the Court's apparent desire to place the trial in limbo in the hope that it will not materialize.

9. So, I make this motion as a last resort. I have taken seriously the Court's admonition to resolve this case short of trial by serious and sincere settlement negotiations. But Defendants have rejected further mediation and have not made any meaningful offers to settle

the case. They apparently are content to allow the case to be administratively stayed for some indeterminate period.

10. When I speak of damage to my reputation, I am not being overly sensitive. As the trial will clearly establish, Defendants – in particular Matesic – have sought to destroy my reputation in my Florida community where I was planning to retire, and they have largely succeeded. And Matesic has not relented.

11. I verily believe that the only thing that could possibly stop Matesic will be a significant punitive damage award.

12. Thus, I ask the Court to now expeditiously move the case to trial. I will be 89 years old this June 6th. I had a serious prostate operation last July. Fortunately, I do not have cancer, but I am not fully recovered. I will be convalescing this summer and hopefully there will be no diminishment of my mental faculties come September.

13. I request that a date be set for a week after October 9, 2023, except for the weeks of November 6 and November 13, 2023, when my counsel will be on trial in a separate case.

Dated: May 9, 2023
New York, New York

By: /s/ Frederic Block
Frederic Block

3