UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**COMMONWEALTH OF KENTUCKY, ET AL.**

v.     No. 5:23-cv-162-BJB

**FEDERAL HIGHWAY ADMINISTRATION, ET AL.**

\* \* \* \* \*

## ORDER

Months after appealing this Court's order and declaration, the Defendants have filed a "motion for entry of judgment in a separate order." DN (110) at 1. This motion belatedly seeks entry of a final judgment consistent with Federal Rule of Civil Procedure 58, which provides that "[e]very judgment … must be set out in a separate document." FED. R. CIV. P. 58(a).

The Court granted the Plaintiffs' motion for summary judgment on April 1, 2024. Opinion and Order (DN 102). That order declared that the Final Rule underlying this litigation was unlawful, declined to enter an injunction, and ordered the parties to file a joint status report regarding the need (if any) for "additional remedial action by this Court." *Id.* at 26. The parties' joint status report explained that Plaintiffs would not seek "additional injunctive relief or vacatur" of the Final Rule. Joint Status Report (DN 104) at 2.

Before the Court issued a final judgment or further order finalizing its remedial decision, *see generally Grand Trunk W. R.R. Co. v. Consolidated Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) (five-factor test for declaratory relief), the Defendants filed a notice of appeal, DN 106. That step was "an event of jurisdictional significance." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.*

Perhaps the Defendants acted out of an (over)abundance of caution. Federal Rule of Appellate Procedure (4)(a) provides the United States with 60 days "after entry of the judgment or order appealed from" to file a notice of appeal. This deadline is "mandatory and jurisdictional," so the courts of appeals generally lack jurisdiction to consider untimely appeals. *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quotation omitted). But was the clock even ticking yet? It wasn't triggered by "the judgment" (none yet exists) or by another "order appealed from" (since a declaratory judgment isn't an immediately appealable interlocutory order). To the extent the Defendants worried that the summary "judgment" entered against them triggered the deadline, they needn't have feared: "For appeals from the grant of summary judgment," the period in which to appeal "begins to run from the date a separate judgment is entered

on the docket or, if a separate judgment is not entered, 150 days after entry of the order or judgment." *Manookian v. Flippin*, No. 20-5979, 2021 WL 688841, at *1 (6th Cir. Jan. 5, 2021).

Even assuming the Defendants had legitimate concerns about timeliness, why not ask for a final judgment before rather than after filing the appeal? Federal Rule of Civil Procedure 58(d), for example, confirms that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)"—precisely as the Defendants have now done. After all, the parties and Court had worked collaboratively and harmoniously to adjust several scheduling issues and alleviate time pressure throughout this litigation. *E.g.,* Joint Status Report (DN 60), Scheduling Order (DN 61) (agreeing to alter compliance and briefing deadlines to facilitate orderly litigation and minimize governmental disruption).

The Defendants' unwarranted jurisdictional fears, ironically, may now warrant more legitimate ones. Given the jurisdictional significance of their notice of appeal, as discussed above, the Defendants' sequencing curtailed this Court's authority to grant subsequent requests for relief. *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 n.10 (6th Cir. 1982) ("[T]he filing of a notice of appeal generally ends the district court's jurisdiction and transfers jurisdiction to the court of appeals.").

The pending motion does not address this additional consideration. Based on the Court's own investigation, however, this request likely falls within the ambit of ancillary issues a district court may address notwithstanding an appeal. Despite the broad and conclusive nature of the statements quoted above, the filing of a notice of appeal in fact "does not effect a total divestiture of jurisdiction from the district court." *Williamson v. Recovery Ltd. P'ship,* 731 F.3d 608, 626 (6th Cir. 2013) (citations omitted). The district court "retains jurisdiction" to, among other things, "proceed with matters that will aid the appellate process." *Id.* Given the purpose of Rule 58— "clarify[ing] when the time for appeal … begins to run," *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978))—granting a motion to enter a separate judgment could do just that. Indeed, one circuit has held that "[t]he requirements of Rule 58 may be satisfied by the district court after an appeal is docketed." *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1169 (5th Cir. 1978). And the Federal Rules of Appellate Procedure contemplate entry of a final judgment even after a notice of appeal: "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." FED. R. APP. 4(a)(2).

Granting this (unopposed) motion would "aid the appellate process," *Williamson*, 731 F.3d at 626, by deeming the Court's prior order granting summary judgment (DN 102) final notwithstanding the possibility of further remedial litigation contemplated at the time. So the Court grants the Defendants' motion, DN 110, and will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

3

Benjamin Beaton, District Judge
United States District Court

August 20, 2024

3