UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61032-CIV-ALTMAN/Hunt

FREDERIC BLOCK,

    Plaintiff,

v.

DAVID MATESIC, *et al.*,

    Defendants.

_____/

**DEFENDANT JOSHUA GERSTIN'S
MOTION FOR LIMITED RELIEF FROM ORDER**

Defendant JOSHUA GERSTIN ("Gerstin"), by and through undersigned counsel, and pursuant to Rule 60(a) and (b) of the Federal Rules of Civil Procedure, hereby files this Motion for Limited Relief from an Order of this Court and, in support thereof, states as follows:

**INTRODUCTION/RELEVANT BACKGROUND**

1. This Motion for Limited Relief relates to that portion of the Court's Amended Omnibus Order on Motions for Summary Judgment [ECF No. 279] pertaining to Gerstin's Third-Party Complaint for Indemnification against Third-Party Defendant, The Palms 2100 Tower One Condominium Association, Inc. ("Tower One Association"), which can be found in footnote 5 of the Amended Omnibus Order on Motions for Summary Judgment.

2. Specifically, footnote 5 states:

> Gerstin included a Third-Party Complaint for indemnification against The Palms 2100 Condominium Association, Inc. Given our rulings in this Order, that third-party claim is now moot.

ECF No. 279, n.5.

3. Gerstin seeks limited and narrow relief through this Motion because the Third-Party Complaint for Indemnification was based upon contractual indemnification. As set forth below, it is respectfully submitted, that Gerstin's Third-Party Complaint should not be deemed moot, but instead, should be decided on the merits because, under Tower One Association's governing documents, Gerstin should be entitled to be indemnified for his legal fees and associated costs incurred in the defense of this action.

4. By way of brief background, on May 17, 2021, Plaintiff Frederic Block ("Plaintiff" or "Block"), a resident of the Tower One Association in Fort Lauderdale, initiated this lawsuit. On November 16, 2021, Plaintiff filed the operative Second Amended Complaint (the "SAC") [ECF No. 62] to repair reputational damage caused by the Defendants' allegedly defamatory statements.

5. On or about June 26, 2023, Gerstin filed a Third-Party Complaint against Third-Party Defendant, the Tower One Association [ECF No. 137]. The Third-Party Complaint is an action for indemnification under Florida law by Gerstin and against the Tower One Association, wherein Gerstin seeks indemnification for all attorneys' fees, costs, and expenses actually and reasonably incurred by Gerstin in connection with his defense in this lawsuit.

6. On December 14, 2023, this Court issued an order staying all proceedings as to the Third-Party Defendant, the Tower One Association [ECF No. 187].

7. On February 23, 2024, the Defendants filed a Consolidated Motion for Summary Judgment on Counts I, II, and II (each of the claims) of the SAC [ECF No. 224].

8. On June 3, 2025, the Court entered an Omnibus Order granting the Defendants' Consolidated Motion for Summary Judgment [ECF No. 278].

9. On June 30, 2025, entered an Amended Omnibus Order on Motions for Summary Judgment [ECF No. 279].

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

## **MEMORANDUM OF LAW**

10. With respect to Gerstin's Third-Party Complaint against the Tower One Association, the Amended Omnibus Order on Motions for Summary Judgment states that the third-party claim is now moot [ECF No. 279, n.5].

11. Gerstin respectfully submits that his third-party claim for indemnification should not be deemed moot, but instead, should be determined on its merits.

12. "A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party." *Couture v. Austin*, 720 F.Supp.3d 1243, 1247 (M.D. Fla. 2024) (citing *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004)).

13. As alleged in the Third-Party Complaint for Indemnification, the Articles of Incorporation state, in pertinent part:

> The Association shall indemnify any person who was or is a party to any proceeding (other than an action by, or in the right of, the Association) by reason of the fact that he is or was a director, officer, employee or agent (each, an "Indemnitee") of the Association, against liability incurred in connection with such proceeding, including any appeal thereof, if he acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interests of the Association and, with respect to any criminal action of proceeding, had no reasonable cause to believe his conduct was unlawful.

ECF. No. 137, ¶ 27.

14. It is therefore respectfully submitted that Gerstin's claim for contractual indemnification against Towner One Association is not moot. Rather, Gerstin should be entitled to a judgment in his favor on his contractual indemnification claim, regardless of the rulings on the Consolidated Motion for Summary Judgment on Counts I, II, and III of Block's Second Amended Complaint.

15. Rule 60 provides, in relevant part, as follows:

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

….

Fed. R. Civ. P. 60.

16. As set forth above, it is respectfully submitted, that the ruling regarding Gerstin's Third-Party Complaint is simply a mistake.

## **CONCLUSION**

17. For all of the foregoing reasons, Gerstin respectfully requests that, pursuant to Rule 60, this Court enter an Order (a) holding that Gerstin's Third-Party Complaint against the Tower One Association [ECF No. 137] is not moot; and (b) reopening this case for the limited purpose of determining the merits of Gerstin's Third-Party Complaint.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

In accordance with Local Rule 7.1(a), I hereby certify that I conferred with Plaintiff's counsel and counsel for the respective Defendants regarding the relief sought in this Motion in a good faith effort to resolve the issues. Plaintiff's counsel does not oppose the relief sought herein, and counsel for the respective Defendants do not oppose the relief sought herein. The undersigned has not been able to confer with counsel for Third-Party Defendant, The Palms 2100 Tower One Condominium Association, but tried to do so via email on July 17, 2025 at 11:22 am and via telephone on July 17, 2025 at 1:25 pm.

                                                            */s/ James M. Kaplan*
                                                            JAMES M. KAPLAN

Dated this 17th day of July 2025.

                                                            Respectfully Submitted,

                                                           **KAPLAN ZEENA LLP**
                                                           *Attorneys for Joshua Gerstin*
                                                           2 South Biscayne Boulevard, Suite 3050
                                                           Miami, Florida 33131
                                                           Telephone: (305) 530-0800
                                                           Facsimile: (305) 530-0801

                                                           By: */s/ James M. Kaplan*
                                                                  JAMES M. KAPLAN
                                                                 Florida Bar No.: 921040
                                                                james.kaplan@kaplanzeena.com
                                                                elizabeth.salom@kaplanzeena.com
                                                                service@kaplanzeena.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of July 2025, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

By: */s/ James M. Kaplan*
     JAMES M. KAPLAN