UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61032-CIV-ALTMAN/Hunt

FREDERIC BLOCK,

    Plaintiff,

v.

DAVID MATESIC, *et al.*,

    Defendants.

_____/

**DEFENDANTS' JOINT MOTION FOR ENTITLEMENT TO, AND
AN AWARD OF, REASONABLE ATTORNEYS' FEES AND COSTS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, CANDYCE ABBATT ("Abbatt"), DAVID MATESIC ("Matesic"), and JOSHUA GERSTIN ("Gerstin") (collectively, the "Defendants"), by and through their respective undersigned counsel, pursuant to Local Rule 7.3, Florida Statute § 768.79, and Federal Rule of Civil Procedure 54, hereby move this Court to enter an Order in favor of the Defendants and against Plaintiff, FREDERIC BLOCK ("Plaintiff" or "Block"), finding that each of the Defendants is entitled to recover his/her attorneys' fees and costs and for an Order awarding each of the Defendants the amount of fees and costs sought herein, respectively. In support, the Defendants state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.    On May 17, 2021, Plaintiff Frederic Block ("Plaintiff" or "Block"), a resident of The Palms 2100 Tower One Condominium Association, Inc. in Fort Lauderdale, commenced this civil action.

2.  On November 16, 2021, Plaintiff filed the operative Second Amended Complaint (the "SAC") [D.E. 62] seeking to recover money damages based on Defendants' allegedly defamatory statements. On February 23, 2024, the Defendants filed a Consolidated Motion for Summary Judgment on Counts I, II, and III of the SAC [ECF No. 224].

3.  On March 28, 2022, Gerstin—separate and apart from the other Defendants—served a Proposal for Settlement and Offer of Judgment (the "Gerstin Proposal for Settlement") on Plaintiff. Gerstin's Proposal for Settlement was in the amount of $10,000.00. A copy of the Gerstin Proposal for Settlement is attached hereto as **Exhibit "A"**. Gerstin filed a Notice of Service of Proposal for Settlement that same day, March 28, 2022 [ECF No. 74].

4.  On July 24, 2024, Abbatt and Matesic—separate and apart from Gerstin—served a Proposal for Settlement and Offer of Judgment (the "Abbatt and Matesic Proposals for Settlement") on Plaintiff. The Abbatt and Matesic Proposals for Settlement were each in the amount of $101,000.00. A copy of the two Abbatt and Matesic Proposals for Settlement are attached hereto as **Composite Exhibit "B"**. Abbatt and Matesic filed a Notice of Service of Proposal for Settlement that same day, July 24, 2024 [ECF No. 267 & 268].

5.  Plaintiff did not accept the Gerstin Proposal for Settlement or the Abbatt and Matesic Proposals for Settlement.

6.  On June 26, 2025, the Court entered an Omnibus Order granting the Defendants' Consolidated Motion for Summary Judgment [ECF No. 278], and on June 30, 2025, entered an Amended Omnibus Order on Motions for Summary Judgment (the "Summary Judgment Order") [ECF No. 279].

7.  Accordingly, each of the Defendants now seek a ruling from this Court on his/her entitlement to attorneys' fees and costs – and an award of those fees and costs – based on the

Gerstin Proposal for Settlement, the Abbatt and Matesic Proposals for Settlement, and this Court's Summary Judgment Order.

## MEMORANDUM OF LAW

**I.      Florida's Proposal for Settlement Statute Applies.**

"Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorneys' fees." *M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV-MORENO/GOODMAN, 2022 WL 18717403, at *4 (S.D. Fla. Dec. 19, 2022) (citing *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law")), report and recommendation adopted, 2023 WL 2017104 (S.D. Fla. Feb. 15, 2023).

Under the law of the Eleventh Circuit, Section 768.79, Florida Statutes, is applicable in federal diversity actions such as this case. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds,* 311 F.3d 1077 (11th Cir. 2002); *Jones v. United Space Alliance, LLC,* 494 F.3d 1306, 1309 (11th Cir. 2007) ("This circuit has found § 768.79 to be substantive law for *Erie* purposes.").

**II.     The Proposal for Settlement Complied with the Requirements of Fla. Stat. Section 768.79 and Fla. R. Civ. P. 1.442.**

Under Florida law, a defendant may serve a proposal for settlement that, if not accepted, shall entitle the defendant "to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award." Fla. Stat. § 768.79. Additionally, Florida Rule of Civil

Procedure 1.442 provides that "[a] proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal." Fla. R. Civ. P. 1.442(f)(1).

### A. Gerstin's Proposal for Settlement

Gerstin served a Proposal for Settlement (that was not accepted) on the Plaintiff which strictly complies with Section 768.79(2) and the requirements of Florida Rule of Civil Procedure 1.442. Since Gerstin has prevailed in this action [*see* ECF No. 279], Gerstin is entitled to recover his "reasonable" attorneys' fees and costs pursuant to his Proposal for Settlement. *See Lebbin-Spector Fam. Tr. by & through Lebbin*, 619 F. Supp. 3d at 1214 ("The imposition of fees and costs is not discretionary." (citing § 768.79(1))); *Lopez v. Great Lakes Ins. SE*, No. 22-CIV-22385, 2024 WL 5323237, at *1 (S.D. Fla. Oct. 4, 2024) ("Since the Plaintiff didn't accept the Defendant's offer of judgment—and the Defendant ultimately prevailed—the Defendant is entitled to attorneys' fees under § 768.79.").

### B. Abbatt's and Matesic's Proposals for Settlement

Abbatt and Matesic served Proposals for Settlement (that were not accepted) on the Plaintiff and which strictly comply with Section 768.79(2) and the requirements of Florida Rule of Civil Procedure 1.442. Since Defendants have prevailed in this action [*see* ECF No. 279], Defendants are entitled to recover their reasonable attorneys' fees and costs pursuant to their Proposals for Settlement. *See Lebbin-Spector Fam. Tr. by & through Lebbin*, 619 F. Supp. 3d at 1214 ("The imposition of fees and costs is not discretionary." (citing § 768.79(1))); *Lopez v. Great Lakes Ins. SE*, No. 22-CIV-22385, 2024 WL 5323237, at *1 (S.D. Fla. Oct. 4, 2024) ("Since the Plaintiff didn't accept the Defendant's offer of judgment—and the Defendant ultimately prevailed—the Defendant is entitled to attorneys' fees under § 768.79.").

**III.     Gerstin's Attorneys' Fees and Costs.**

Local Rule 7.3(a) provides, in part:

**(a) Motions for Attorneys' Fees and/or Non-Taxable Expenses and Costs.** This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement. A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed. The motion shall:
....

(5) provide:

   (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;

   (B) the number of hours reasonably expended by each such timekeeper;

   (C) a description of the tasks done during those hours; and

   (D) the hourly rate(s) claimed for each timekeeper;

….

S.D.Fla.L.R. 7.3(a).

**A.     Terms of the Applicable Fee Agreement**.

Gerstin's fees were paid pursuant to a policy of liability insurance, subject to a $5,000 Deductible Per Claim. The undersigned counsel was engaged on Gerstin's behalf by his liability insurer. The insurance carrier and the undersigned counsel agreed on counsel's rates, which were as follows:

| | |
|---|---|
| James M. Kaplan: | $275 per hour |
| Kimberly Heifferman: | $275 an hour |
| Associates: | $250 an hour |
| Paralegals: | $125 an hour |

As set forth above, Gerstin is entitled to recover all fees incurred by him and on his behalf pursuant to his policy of liability insurance under section 768.79, Fla. Stat. In addition—after the exhaustion of Gerstin's liability insurance policy—Gerstin entered into a fee agreement with the undersigned counsel. Under this agreement, the hourly rates are as follows:

| | |
|---|---|
| James M. Kaplan: | $700 per hour |
| Kimberly Heifferman: | $450 an hour |
| Associates: | $300 an hour |
| Paralegals: | $175 an hour |

**B.     Identity, Experience, and Qualifications for Each Timekeeper for Whom Fees are Sought.**

James M. Kaplan, Esq. is the Managing Partner of Kaplan Zeena LLP ("KZ"). Mr. Kaplan was lead counsel for the duration of this lawsuit. Mr. Kaplan has been practicing law since he was admitted to practice in the State of New York in 1979. Mr. Kaplan was admitted to the Florida Bar in 1992. Mr. Kaplan's litigation experience in both state and federal courts spans nearly 45-years and focuses on complex commercial and business litigation and arbitrations, as well as professional liability claims against, *inter alia*, attorneys, design professionals, and actuaries. Mr. Kaplan has been lead counsel in nearly one hundred trials and arbitrations.

Maria Kimijima, Esq. was an Associate Attorney at KZ. Ms. Kimijima graduated from law school in 2014 and was admitted to the Florida Bar in April of 2015. Ms. Kimijima has experience litigating insurance issues, professional liability disputes, commercial litigation disputes, and employment disputes in state and federal courts.

Steven Colsky, Esq. is Of Counsel at KZ and was admitted to the Florida Bar in 1981. Mr. Colsky has extensive experience in a variety of complex litigation matters at the state and federal

level, including disputes involving contracts, real estate, franchises, homeowners associations, employment, fraud, and negligence.

Kimberly Heifferman, Esq. is a Partner at KZ. Ms. Heifferman graduated law school in 2008 and was admitted to the Florida Bar that same year. Ms. Heifferman has extensive experience representing individuals as well as private and publicly traded companies on a variety of litigation matters in both federal and state courts, with a focus on complex insurance coverage disputes, including commercial general liability, professional and management liability, construction defect, and excess and surplus lines policies.

C. **Amount Sought for Attorneys' Fees and Costs and Hourly Rates for Each Timekeeper.**

Gerstin is seeking $230,987.50 in attorney's fees related to the litigation from March 28, 2022 (the date the Proposal for Settlement was served) through August 21, 2025. The following is a summary of the amounts and hours worked by each timekeeper:

| Name | Hours | Rate | Amount |
|---|---|---|---|
| James M. Kaplan (1001) | 153.80 | $275.00 per hour | $ 42,295.00 |
| James M. Kaplan (1001) | 15.60 | $700.00 per hour | $ 10,920.00 |
| Kimberly Heifferman (1031) | 21.90 | $275.00 per hour | $ 6,022.50 |
| Kimberly Heifferman (1031) | 50.60 | $450.00 per hour | $ 22,770.00 |
| Steven Colsky (1044) | 55.60 | $275.00 per hour | $ 15,290.00 |
| Steven Colsky (1044) | 37.2 | $450.00 per hour | $ 16,740.00 |
| Maria Kimijima (1054) | 467.80 | $250.00 per hour | $ 116,950.00 |
| **Totals** | **802.50** | | **$ 230,987.50** |

These rates and hours are reasonable under the lodestar method. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Indeed, these rates are in line with the prevailing market rate in this District. *See, e.g.*, *Caplan v. Rehabclinics (PTA) Inc.*, Case No. 19-CV-62890-STRAUSS, 2020 WL 3977140, at *3 (S.D. Fla. July 13, 2020) (Strauss, Mag. J.) (finding $420.00 to be a "reasonably hourly rate[ ] in this community"); *Houston Specialty Ins. Co. v. Fontecilla*, Case No. 20-20725-CIV-MARTINEZ/GOODMAN, 2023 WL 3570169, at *5 (S.D. Fla. Mar. 31, 2023) (Goodman, Mag. J.) (finding $600.00/hour to be a reasonable rate for a partner and $300.00/hour to be reasonable for associates in South Florida).

The number of hours reasonably expended by each such timekeeper are set forth in; the description of the tasks done during those hours; and the hourly rate(s) claimed for each timekeeper are set forth in Gerstin's Schedule of Fees Incurred, attached hereto as **Exhibit "C".**

### D.   Description and Documentation of All Incurred and Claimed Fees and Expenses Not Taxable under 28 U.S.C. § 1920.

As set forth above, Gerstin is seeking statutory attorneys' fees pursuant to section 768.79, Fla. Stat. *See* Schedule of Fees Incurred, Ex. C. Gerstin is not seeking any non-taxable costs.

### E.   Taxable Costs.

As the prevailing party in this litigation, Gerstin is entitled to an award of taxable costs against the Plaintiff pursuant to Fed. R. Civ. P. 54(d)(1). Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Congress has delineated which costs are recoverable under Rule 54(d) and the Court has discretion to award those costs specifically identified in 28 U.S.C. § 1920. *Monelus v. Tocodrian, Inc.*, 609 F. Supp.

2d 1328, 1333 (S.D. Fla. 2009) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494 (1987)). Local Rule 7.3(c) states as follows:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought.

The Defendants' Bills of Costs and Joint Supporting Memorandum was separately filed and served [ECF No. 296], and included documentation to support the requested taxable costs. The total amount sought by Gerstin for his taxable costs is $12,981.93.

**IV.    Abbatt's and Matesic's Attorneys' Fees and Costs.**

Local Rule 7.3(a) provides, in part:

> **(a)    Motions for Attorneys' Fees and/or Non-Taxable Expenses and Costs.** This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement. A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed. The motion shall:
> ....
>
>   (5) provide:
>
>     (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;
>     (B) the number of hours reasonably expended by each such timekeeper;
>     (C) a description of the tasks done during those hours; and
>     (D) the hourly rate(s) claimed for each timekeeper;
>   ….

S.D.Fla.L.R. 7.3(a).

   **A.    Terms of the Applicable Fee Agreement**.

Defendants Abbatt and Matesic's fees were paid pursuant to a policy of liability insurance. The undersigned counsel was engaged on Defendants Abbatt and Matesic's behalf by their insurer.

The insurance carrier and the undersigned counsel agreed on counsel's rates, which were as follows:

Avery Dial: $160.00 per hour

Bruce Liebman: $160.00 per hour

Cristina Hernandez Villar: $140.00 an hour

Associates: $140.00 an hour

Paralegals: $75.00 an hour

As set forth above, Defendants Abbatt and Matesic are entitled to recover all fees incurred by them and on their behalf pursuant to their insurance policy of under section 768.79, Fla. Stat.

**B.  Identity, Experience, and Qualifications for Each Timekeeper for Whom Fees are Sought.**

Avery A. Dial, Esq. is a Partner of Kaufman Dolowich, LP. Mr. Dial was the lead counsel for the duration of this lawsuit. Mr. Dial has been practicing law since he was admitted to practice in the State of Florida in 2004. Mr. Dial's litigation experience in both state and federal courts spans more than 20-years and focuses on commercial, insurance coverage, labor and employment, data privacy, intellectual property, product liability and general liability injury litigation.

Bruce Liebman, Esq., is the Co-managing Partner of Kaufman Dolowich's Florida offices. Mr. Liebman has been practicing law since he was admitted to practice in the State of Florida in 1995. Mr. Liebman's litigation experience in both state and federal courts spans almost 30-years and focuses on defending medical professionals, lawyers, accountants, and insurance agents in malpractice and errors and omissions claims.

Cristina Hernandez Villar, Esq. is an Associate Attorney at Kaufman Dolowich. Ms. Hernandez Villar was admitted to the Florida Bar in 2013 and has been practicing law ever since.

Ms. Hernandez Villar has experience litigating the areas of complex commercial litigation, contracts, commercial transactions, commercial real estate, directors and officers (D&O) liability, construction liens and securities regulations in state and federal courts.

Evan S. Dubow, Esq. was an Associate Attorney at Kaufman Dolowich. Mr. Dubow graduated from law school in 2022 and was admitted to the Florida Bar the same year. Mr. Dubow has experience litigating businesses from breach of contract, financial fraud, and economic tort claims disputes in state and federal courts.

C.  **Amount Sought for Attorneys' Fees and Costs and Hourly Rates for Each Timekeeper.**

Defendants Abbatt and Matesic are seeking $14,572.00 in attorney's fees related to the litigation from July 24, 2024 (the date that the Abbatt and Matesic Proposals for Settlement were served) through July 27, 2025. The following is a summary of the amounts and hours worked by each timekeeper:

| Name | Hours | Rate Per Hour | Amount |
|---|---|---|---|
| Avery Dial | 55.9 | $ 160.00 | $ 8,944.00 |
| Bruce Liebman | 1.2 | $ 160.00 | $ 192.00 |
| Cristina Hernandez Villar | 30.8 | $ 140.00 | $ 4,312.00 |
| Evan Dubow | 7.6 | $ 140.00 | $ 1,064.00 |
| Paralegal | 0.8 | $ 75.00 | $ 60.00 |
| **Totals** | **96.3** | | **$14,572.00** |

These rates and hours are reasonable under the lodestar method. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Indeed, these rates are in line with the prevailing market rate in this District. *See, e.g.*, *Caplan v. Rehabclinics (PTA) Inc.*, Case No. 19-CV-62890-STRAUSS, 2020 WL 3977140, at *2 (S.D. Fla. July 13, 2020) (Strauss, Mag. J.) (finding $420.00 to be a "reasonably hourly rate" in the community); *Houston Specialty Ins. Co. v. Fontecilla*, Case No. 20-20725-CIVMARTINEZ/GOODMAN, 2023 WL 3570169, at *5 (S.D. Fla. Mar. 31, 2023) (Goodman, Mag. J.) (finding $600.00/hour to be a reasonable rate for a partner and $300.00/hour to be reasonable for associates in South Florida).

The number of hours reasonably expended by each such timekeeper are set forth in; the description of the tasks done during those hours; and the hourly rate(s) claimed for each timekeeper are set forth in Defendants Abbatt and Matesic's Schedule of Fees Incurred, attached hereto as **Exhibit "D"**.

> **D.  Description and Documentation of All Incurred and Claimed Fees and Expenses Not Taxable under 28 U.S.C. § 1920.**

As set forth above, Defendants Abbatt and Matesic are seeking statutory attorneys' fees pursuant to section 768.79, Fla. Stat. *See* Schedule of Fees Incurred, Comp. Ex. D. Defendants Abbatt and Matesic are not seeking any non-taxable costs.

> **E.  Taxable Costs.**

As the prevailing party in this litigation, Defendants are entitled to an award of taxable costs against the Plaintiff pursuant to Fed. R. Civ. P. 54(d)(1). Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Congress has delineated which costs are recoverable under Rule 54(d) and the Court has discretion to award those costs specifically identified in 28 U.S.C. § 1920. *Monelus v. Tocodrian, Inc.*, 609 F. Supp.

2d 1328, 1333 (S.D. Fla. 2009) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494 (1987)). Local Rule 7.3(c) states as follows:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought.

Defendants' Bill of Costs and Joint Supporting Memorandum were separately filed and served [D.E. 296], and included documentation to support the requested taxable costs. The total amount sought by Defendants Abbatt and Matesic for their taxable costs is $14,297.91.

## CONCLUSION

For each of the foregoing reasons, the Defendants respectfully request the Court enter an Order:

1. determining that Defendant Gerstin is entitled to an award of reasonable attorneys' fees incurred since serving the Proposal for Settlement on March 28, 2022;

2. awarding Defendant Gerstin $230,987.50 in attorneys' fees, and $12,981.93 in taxable costs sought in this Motion;

3. determining that Defendants Abbatt and Matesic are entitled to an award of reasonable attorneys' fees incurred since serving the Proposal for Settlement on July 24, 2024;

4. awarding Defendants Abbatt and Matesic $14,572.00 in attorneys' fees, and $14,297.91 in taxable costs sought in this Motion; and

5. granting such other, further and different relief as the Court deems just and proper.

## VERIFICATIONS

I, James M. Kaplan, hereby certify and verify that I have reviewed this Motion and the attached time records and invoices and believe them to be accurate records of the work performed in this lawsuit, and submit this Motion in good faith.

/s/ *James M. Kaplan*
James M. Kaplan

I, Cristina Hernandez Villar, hereby certify and verify that I have reviewed this Motion and the attached time records and invoices and believe them to be accurate records of the work performed in this lawsuit, and submit this Motion in good faith.

By: /s/ *Cristina Hernandez Villar*
Cristina Hernandez Villar

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), counsel for Gerstin has conferred in good faith with counsel for Plaintiff regarding the contents of Gerstin's Motion for Entitlement to and Amount of Attorneys' Fees and Non-Taxable Costs, via telephone call on July 29, 2025. Plaintiff opposes the Defendants' Motion for Entitlement to and Amount of Attorneys' Fees and Non-Taxable Costs.

Additionally, pursuant to S.D. Fla. Local Rule 7.3(b), Defendant Gerstin served a draft of his motion for entitlement on the Plaintiff on July 29, 2025. Defendants Abbatt and Matesic likewise served a draft of their motion for entitlement on the Plaintiff on July 29, 2025.

Subsequently, on August 19, 2025, the Parties met and conferred on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The Plaintiff opposes the Defendants' motion for entitlement to and amount of fees and costs.

By: /s/ *James M. Kaplan*
James M. Kaplan

                     By: /s/ *Cristina Hernandez Villar*
                     Cristina Hernandez Villar

Dated this 28th day of August 2025.

                    Respectfully Submitted,

| **KAUFMAN DOLOWICH & VOLUCK, LLP** | **KAPLAN ZEENA LLP** |
|---|---|
| *Attorneys for Defendants David Matesic and Candyce Abbatt* | *Attorneys for Defendant Joshua Gerstin* |
| 100 SE 3rd Avenue, Suite 1500 | 2 South Biscayne Boulevard |
| Fort Lauderdale, Florida 33394 | Suite 3050 |
| Telephone: (954) 302-2360 | Miami, Florida 33131 |
| Facsimile: (888) 464-7982 | Telephone: (305) 530-0800 |
|  | Facsimile: (305) 530-0801 |
| By: /s/ *Cristina Hernandez Villar* | By: /s/ *James M. Kaplan* |
| Avery A. Dial | James M. Kaplan |
| Florida Bar No.: 732036 | Florida Bar No.: 921040 |
| adial@kaufmandolowich.com | james.kaplan@kaplanzeena.com |
| Cristina Hernandez Villar, Esq. | elizabeth.salom@kaplanzeena.com |
| Florida Bar No. 102305 | Kimberly S. Heifferman, Esq. |
| cvillar@kaufmandolowich.com | Florida Bar No.: 055996 |
|  | kimberly.heifferman@kaplanzeena.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of August 2025, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

                    By: /s/ *James M. Kaplan*
                        James M. Kaplan